**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FRANCINE McCUMBER, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INVITATION HOMES, INC., a ) <br> Maryland corporation, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 21-cv-00123-LKG <br><br> Dated:  September 9, 2021 |

**MEMORANDUM OPINION AND TRANSFER ORDER**

**I.    INTRODUCTION**

Plaintiffs in this putative class action matter allege that Invitation Homes, Inc. ("Invitation Homes") has engaged in illegal fee gouging by charging inflated late rent penalties to its tenants residing in rental homes located in Arizona, Colorado, Florida, Georgia, Illinois, Nevada, North Carolina, Tennessee, Texas and Washington, in violation of various state laws. *See generally* Compl., ECF. No. 1.  Invitation Homes has moved to transfer this matter to the United States District Court for the Northern District of Texas.  Def. Mot., ECF No. 23.  No hearing is necessary.  *See* Loc. Rule 105.6. (D. Md.).  For the following reasons, the Court GRANTS Invitation Homes' motion to transfer.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

This putative class action matter involves claims that Invitation Homes has engaged in illegal fee gouging by charging inflated late rent penalties to its tenants residing in Arizona, Colorado, Florida, Georgia, Illinois, Nevada, North Carolina, Tennessee, Texas and Washington, in violation of various state laws. *See generally* Compl., ECF No. 1.  Plaintiffs are tenants of

---

[1] Unless otherwise stated, the facts recited herein are taken from plaintiffs' complaint and are undisputed. *See generally* Compl.

Invitation Homes' rental properties located in these states. *Id.* at ¶¶ 9-20. Invitation Homes is a home leasing company that is incorporated in Maryland, and headquartered in Dallas, Texas. *See* Def. Mem. at 3; Pl. Resp. at 9, ECF No. 27.

It is undisputed that none of the alleged conduct at issue in this case occurred in Maryland and that none of the plaintiffs reside in Maryland. Def. Mem. at 6; *see generally* Pl. Resp.; Compl. It is also undisputed that Invitation Homes has no offices or employees in Maryland. Def. Mem. at 3-4; Pl. Resp. at 9. In addition, neither party disputes that this matter could have been brought in the Northern District of Texas. Def. Mem. at 4-5; *see generally* Pl. Resp (showing that plaintiff did not raise the issue).

On May 7, 2021, Invitation Homes moved to transfer this matter to the United States District Court for the Northern District of Texas.[2] *See generally* Def. Mot. On June 4, 2021, plaintiffs filed a response and opposition to Invitation Homes' motion to transfer. Pl. Resp. Having been fully briefed by the parties, the Court resolves the pending motion to transfer.

### III.  STANDARDS FOR DECISION

Title 28, United States Code, section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to another district court where it could have been filed originally. 28 U.S.C. § 1404(a). Section 1404 "was intended to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (quoting *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)).

When assessing a motion to transfer, this Court considers factors including: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.,* 791 F.3d 436, 444 (4th Cir. 2015); *see also Weathersby-Bell v. Wash. Metro. Area Transit Auth.*, No. GJH-19-3474, 2020 WL 4501485, at

---

[2] On May 7, 2021, Invitation Homes also filed a motion to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 24.

\*2 (D. Md. Aug. 4, 2020).  "[T]he burden is on the moving party to show that transfer to another forum is proper."  *Lynch*, 237 F. Supp. 2d at 617 (citing *Verosol B.V. v. Hunter Douglas, Inc*., 806 F. Supp. 582, 592 (E.D. Va. 1992)).

In this regard, generally, a plaintiff's "choice of venue is entitled to substantial weight in determining whether transfer is appropriate."  *Plumbing Servs., Inc.,* 791 F.3d at 444 (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d. 473, 477 (E.D. Va. 2007)).  Given this, a defendant seeking to transfer venue needs to make a compelling case showing that the remaining factors that the Court considers weigh in favor of a transfer.  *See id.*; *see also Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008) (holding that "unless the balance of factors 'is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'") (quoting *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)).  And so, "[t]he decision whether to transfer venue is committed to the sound discretion of the trial court."  *Mamani*, 547 F. Supp. 2d at 469 (citing *Brock v. Entre Comput. Ctrs., Inc*., 933 F.2d 1253, 1257 (4th Cir. 1991)).

## IV.     DISCUSSION

### A.     Invitation Homes Has Shown That Transfer Of This Matter Is Appropriate

In its motion to transfer, Invitation Homes offers several arguments to support the transfer of this matter to the United States District Court for the Northern District of Texas, namely that:  (1) plaintiffs' choice of forum should be afforded little weight, because plaintiffs and their claims have no connection to Maryland; (2) the convenience of the witnesses favors transfer, because no witnesses reside in Maryland; (3) the convenience of the parties favors transfer, because no parties reside in Maryland; and (4) the interest of justice supports a transfer to Texas, where Invitation Home is headquartered and some of the alleged violations in this action occurred.  Def. Mem. at 5-11.

Plaintiffs counter that a transfer of venue is not appropriate, because their choice of venue should be afforded significant deference and the convenience of the witnesses and parties, and the interests of justice, do not warrant a transfer.  Pl. Resp. at 6-16.  And so, they request that the Court deny Invitation Homes' motion.  *Id.* at 16.

The Court has carefully considered each of these arguments in weighing the four factors applicable to motions to transfer and concludes that the transfer of this case to the Northern District of Texas is appropriate. *See Plumbing Servs., Inc.,* 791 F.3d at 444.

### 1. Plaintiffs' Choice Of Forum Does Not Preclude Transfer

As an initial mater, the first factor that the Court considers—plaintiffs' choice of forum—does not weigh heavily against a transfer of venue in this case. As plaintiffs correctly argue in their response and opposition to Invitation Homes' motion to transfer, generally "a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Plumbing Servs., Inc.*, 791 F.3d at 444 (quoting *Sullivant Ave. Props.*, 508 F. Supp. 2d at 477). And so, "unless the balance of factors 'is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Mamani*, 547 F. Supp. 2d at 469 (quoting *Collins*, 748 F.2d at 921).

The "considerable weight" that is "ordinarily accorded" to the plaintiffs' forum choice is, however, "significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy." *Lynch*, 237 F. Supp. 2d at 617 (citing *Dicken*, 862 F. Supp. at 92-93). And so, this Court has held that the weight of a plaintiff's choice of venue is reduced when "the chosen forum is not the plaintiff's home." *Tse v. Apple Comput., Inc*., No. L-05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006).

As Invitation Homes correctly argues in its motion to transfer, this litigation has little to no connection to the District of Maryland. Def. Mem. at 6. Indeed, it is undisputed that none of the alleged conduct at issue in this case occurred in Maryland and that none of the plaintiffs reside in Maryland. *Id.*; *see generally* Pl. Resp (not disputing the issue that conduct occurred in Maryland and no plaintiffs reside in Maryland). It is also undisputed that Invitation Homes has no offices or employees in Maryland. Def. Mem. at 3-4; Pl. Resp. at 9.

The Court also observes that some of the putative class action plaintiffs in this matter do reside in Texas and that their claims involve the application of Texas state law. *See* Compl. at ¶¶ 35, 40, 187-98. Given this, the instant case has stronger connections to the Northern District of Texas than to this judicial district. And so, the Court affords less weight to plaintiffs' choice to bring this case in the District of Maryland. *See Lynch*, 237 F. Supp. 2d at 617.

### 2.     Witness Convenience And Access Weigh In Favor Of Transfer

The second factor that the Court considers also weighs in favor of transfer, because, as discussed above, neither party has identified any witnesses that reside in Maryland. This Court has recognized that "[o]ne of the most important factors to be considered in deciding a motion to transfer venue is the convenience of witnesses." *Karn v. PTS of Am., LLC*, No. GJH-16-3261, 2019 WL 556970, at *5 (D. Md. Feb. 11, 2019) (citing *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000)). In this regard, "the critical determination under this factor is the convenience of the forum to key non-party witnesses." *Id*. (alteration in original) (quoting *Weintraub v. Advanced Corr. Healthcare*, 161 F. Supp. 3d 1272, 1280 (N.D. Ga. 2015)).

Here, Invitation Homes persuasively argues that the convenience of witnesses weighs in favor of transfer to the Northern District of Texas. Def. Mot at 6-8. The complaint makes clear that it is very likely that some of the witnesses in this case will reside in Texas, because some of the claims in this matter involve allegations that Invitation Homes engaged in illegal fee gouging in Texas.[3] Plaintiffs correctly observe that Invitation Homes has not identified any *specific* witnesses who reside in Texas. Pl. Resp. at 9. But, a detailed witness list and a description of their testimony is not necessary for the Court to consider Invitation Homes' motion to transfer at this early stage of the litigation. Because it is undisputed that no witnesses in this case reside in Maryland and the complaint also makes clear that some of the plaintiffs' claims in this matter involve events that occurred in Texas, the witness convenience and access factor weighs in favor of the transfer of this case.

### 3.     The Convenience Of The Parties Weighs In Favor Of Transfer

The "convenience of the parties" factor also supports a transfer of venue. To prevail on a motion to transfer, "[a] defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a

---

[3] The Declaration of Jon Olsen, the Executive Vice President of Corporate Strategy and Finance at Invitation Homes, which has been submitted to the Court in support of Invitation Homes' motion to transfer, states that the relevant witnesses in this case will include: (1) plaintiffs; (2) individuals with knowledge of the leases and fees relevant to the matter; (3) individuals who interacted with Plaintiffs regarding late fee issues; and (4) Invitation Homes' employees. Decl. at ¶¶ 9-13, ECF No. 23-2.

transfer." *CV Restoration, LLC v. Diversified Shafts Solutions, Inc.*, No. ELH-16-2102, 2016 WL 6648750, at *6 (D. Md. Nov. 10, 2016) (citation omitted).  Courts have indicated that "this factor is chiefly operative in cases where the plaintiff chooses a forum away from (either party's) home." *Dicken*, 862 F. Supp. at 93 (citing *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc*., 702 F. Supp. 1253, 1259 (E.D. Va. 1988)).  As discussed above, one of the putative subclasses of plaintiffs in this action includes tenants of Invitation Homes' rental properties located in Texas.  *See* Compl. at ¶¶ 187-92.  Invitation Homes is also headquartered in Texas and it has no offices or employees in Maryland.  Def. Mem. at 3-4.

While there are potentially hundreds of other plaintiffs in this case who reside in other states, transfer of this case to the Northern District of Texas will impose no greater burden on these plaintiffs than litigating the case in Maryland.  Because the Northern District of Texas will be a more convenient forum for Invitation Homes–and for some of the plaintiffs in this case–and this forum will also not inconvenience the other parties to this litigation more so than litigating this case in the District of Maryland, the convenience of the parties factor weighs in favor of the transfer of this case.

### 4. The Interest Of Justice Weighs In Favor Of Transfer

Finally, the interest of justice similarly weighs in favor of transferring this matter to the Northern District of Texas.  This Court has recognized that consideration of the interest of justice should "encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties."  *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005) (quoting *Baylor Heating & Air Conditioning*, 702 F. Supp. at 1260).  Such "[f]actors include the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment."  *Id*.; *see also Weathersby-Bell*, 2020 WL 4501485, at *4.  Here, the claims in this litigation neither involve Maryland law, nor events that occurred in Maryland.  Def. Mem. at 10-11.  But, plaintiffs *do* allege violations of Texas law, based upon events that occurred in that State.  *Id.* at 10; Compl. at ¶¶ 35, 40, 187-98.  Given this, the Court concurs with Invitation Homes that the interest of justice supports transfer of this action to the Northern District of Texas.

## V. CONCLUSION

In sum, Invitation Home has met its burden to show that a transfer of this matter to the Northern District of Texas is appropriate.  And so, the Court:

1. **GRANTS** Invitation Homes' motion to transfer; and

2. **DENIES-AS-MOOT** Invitation Homes' motion to dismiss.  ECF No. 24.

Pursuant to 28 U.S.C. § 1404(a), this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED.**

                                                                    s/ Lydia Kay Griggsby
                                                                    LYDIA KAY GRIGGSBY
                                                                    United States District Judge